# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1019V
(not to be published)

| | |
|---|---|
| GEORGE LUHRMANN,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: May 17, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 14, 2020, George Luhrmann filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner received the influenza vaccine, which vaccine is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), on September 2, 2017. Petitioner alleged that he subsequently suffered a shoulder injury related to vaccine administration. Petition at 1. On December 29, 2022, I issued a decision awarding compensation to Petitioner, based on the parties' stipulation. ECF No. 42.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $32,121.14 (representing $31,493.80 for attorney's fees, $608.29 for attorney's costs,

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

and $19.05 for Petitioner's out-of-pocket expenses). Petitioner's Application for Attorneys' Fees and Costs ("Motion"), filed Apr. 7, 2023, ECF No. 47. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred out-of-pocket expenses in the amount of $19.05. ECF No. 48.

Respondent reacted to the motion on April 7, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 49. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $500 for work performed by Ronald Homer - representing a rate increase of $25; $455 for work performed by Meredith Daniels - representing a rate increase of $45; $320 for work performed by Nathaniel Enos – representing a rate increase of $40; and $305 for work performed by Patrick Kelly – representing a rate increase of $55. Motion at 20-22, 37-39. And Petitioner requests an hourly rate of $185 for paralegal work performed in 2023. *Id.* at 20-22, 39. Although the yearly increase requested for Mr. Kelly's rate is larger than I would normally approve, the significant difference is due to Mr. Kelly's lower 2022 rate. It does not reflect any excess related to the requested 2023 rate. I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs, except for $18.43 paid for postage and $0.10 for 1 page of in-house copying costs. Motion at 21-31. I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Accordingly, Petitioner is awarded the total amount of $32,121.14[3] as follows:**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

2


- **A lump sum of $32,102.09, representing reimbursement in the amount of $31,493.80 for attorney's fees and in the amount of $608.29 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald Craig Homer; and**

- **A lump sum of $19.05, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

                                  **s/Brian H. Corcoran**
                                  Brian H. Corcoran
                                  Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

3